IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) CV. NO. 11-00607 DAE-BMK |
| | ) (Bankruptcy Case No. 10-00771) |
| TERESA JEAN MOORE, | ) |
| | ) |
| Debtor, | ) |
| _____ | ) |
| TERESA JEAN MOORE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| BAYVIEW LOAN SERVICING, | ) |
| LLC, | ) |
| | ) |
| Defendant-Appellee, | ) |
| | ) |
| and | ) |
| | ) |
| RICHARD A. YANAGI; AND | ) |
| OFFICE OF THE U.S. TRUSTEE, | ) |
| | ) |
| Defendants-Trustees. | ) |
| _____ | ) |

ORDER: (1) DENYING APPELLANT'S EX PARTE MOTION TO PAY FUNDS
IN INSTALLMENTS IN LIEU OF SUPERSEDEAS BOND AND (2) LIFTING
PREVIOUSLY IMPOSED STAY

Appellant Teresa Moore has appealed the Bankruptcy Court's Order

Granting Secured Creditor Bayview Loan Servicing, LLC's ("Appellee") Motion

for Relief from Automatic Stay. (Doc. # 1.) On January 17, 2012, Appellant filed

an Ex Parte Emergency Motion for a Stay of the Order Granting Relief from

Automatic Stay during the pendency of the instant appeal before this Court.  (Doc.

# 11.)  In her Motion, Appellant asked this Court to stay the foreclosure of certain

real property situated at 3792 Greenbriar Drive, Pittsburg, CA 94565 ("Subject

Property").  Appellee opposed the Motion to Stay and, in the alternative, requested

that the Court require Appellant to post a supersedeas bond that includes the

principal balance on the mortgage loan at issue.

On January 20, 2012, the Court heard Appellant's Motion to Stay.

Appellant represented to the Court at the hearing that she was unable to post a

bond for the principal balance on the loan but would be able to secure the funds for

a lesser amount.  On January 27, 2012, the Court issued an Order granting

Appellant's Motion for Stay Pending Appeal conditioned upon Appellant posting

and filing with the Court a supersedeas bond in the amount of $9,676.92 by no

later than February 7, 2012.  This figure was based on the interest, late charges,

and attorneys' fees that would accrue during the pendency of this appeal.

Although a supersedeas bond ordinarily includes the whole amount of the

judgment remaining unsatisfied, the Court exercised its discretion to reduce the

amount of the bond significantly in light of Appellant's representation regarding

her ability to pay.  The Court warned Appellant that "failure to comply with this

condition shall result in the automatic lifting of the stay otherwise granted in this Order."

On February 8, 2012, one day after the bond was due, Appellant filed the instant Ex Parte Motion to Pay Funds in Installments In Lieu of a Supersedeas Bond.[1]  The Court concludes that the six monthly installments proposed by Appellant would not adequately protect Appellee's interest in light of the fact that only a small amount of the funds would be deposited in each installment and the Court would have no assurance that all of the funds would eventually be deposited. Moreover, based on the current briefing schedule, the instant appeal before this Court is not expected to last six months.[2]  Appellee would therefore incur all the costs associated with the instant appeal well before Appellant posts all the funds and there would be no guarantee that Appellant would continue to make the required payments.  In short, the installment plan proposed by Appellant

---

[1]The Court notes that Appellant has failed to demonstrate good cause for her delay in filing the instant motion. Appellant claims that she was unable to file this motion sooner because she was in California and did not receive the Court's order directing her to post the bond until February 8, 2012.  However, the Court's records indicate that Appellant is registered to receive electronic notifications by CM/ECF and therefore received the Court's Order electronically at the e-mail address listed on the Notice of Electronic Filing.

[2]Appellant's Reply brief for the appeal is due on March 15, 2012.

3

would defeat the entire purpose of the supersedeas bond, which is to secure the Appellee against any loss resulting from the stay.

Accordingly, the Court **DENIES** Appellant's Ex Parte Motion to Pay Funds in Installments.  (Doc. # 22.)  The Court's stay as previously imposed is therefore lifted.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 9, 2012.



_____
David Alan Ezra
United States District Judge

In re Teresa Jean Moore; Civil No. 11-00607 DAE-BMK; ORDER: (1) DENYING APPELLANT'S EX PARTE MOTION TO PAY FUNDS IN INSTALLMENTS IN LIEU OF SUPERSEDEAS BOND AND (2) LIFTING THE PREVIOUSLY IMPOSED STAY